IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AQUI RHODES, #N7981**                                                    **PETITIONER**

**v.**                                                 **NO.: 2:13-cv-14-KS-MTP**

**WARDEN J.J. STREETER**                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Aqui Rhodes for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [4] pursuant to 28 U.S.C. § 2244(d). Having considered the submissions of the parties, along with the documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [4] be granted and that the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

Petitioner was convicted of two counts of murder and one count of aggravated assault in the Circuit Court of Jefferson Davis County, Mississippi, and was sentenced on April 23, 2009, to serve two life terms for the murders and an additional twenty (20) years for the aggravated assault. (Motion [4] Ex. A.) Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the Supreme Court affirmed the trial court's judgment on March 3, 2011. *See Sands v. State*, 62 So. 3d 374 (Miss. 2011). The Supreme Court denied Petitioner's motion for rehearing on June 16, 2011. *Id.* According to Petitioner, he did not file a petition for writ of certiorari with the United States Supreme Court. (Petition for Writ of Habeas Corpus [1].)

On February 27, 2012, Petitioner filed a motion for post-conviction collateral relief in the

Mississippi Supreme Court. ([4] Ex. C.)[1]  On May 8, 2012, the Mississippi Supreme Court denied the motion. ([4] Ex. D.)

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about January 24, 2013.[2]  The Respondent contends that the Petition was not timely filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).  Thus, the expiration of the time for review includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner's motion for rehearing was denied on June 16, 2011.  Accordingly, Petitioner's judgment became final–and the statute of limitations for federal habeas relief began to run–on

---

[1] The motion was signed by Petitioner on February 27, 2012.  The motion was stamped "filed" on March 1, 2012.  Weighing all doubts in Petitioner's favor, the Court will use the earliest date, February 27, 2012.

[2] The petition was signed on January 24, 2013, and stamped "filed" in this Court on January 29, 2013.  "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Weighing all doubts in Petitioner's favor, the Court will use the earliest date, January 24, 2013.

September 14, 2011 (June 16, 2011, plus 90 days). Petitioner was required to file his federal petition by September 14, 2012, unless he was entitled to statutory or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his petition on January 24, 2013.

Statutory Tolling

Whether statutory tolling occurred during the period between the judgment becoming final on September 14, 2011, and Petitioner filing the federal petition on January 24, 2013, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As previously stated, Petitioner filed a motion for post-conviction collateral relief in the state court on February 27, 2012. ([4] Ex. C.) The motion was denied on May 8, 2012. ([4] Ex. D.) As a result, the limitation period was tolled for 72 days (February 27, 2012, to May 8, 2012), and Petitioner was required to file his federal petition by November 26, 2012 (September 14, 2012, plus 72 days), absent additional statutory or equitable tolling.

In his Response [5] in opposition to Respondent's Motion [4], Petitioner argues his petition is not time-barred due to "newly discovered evidence" in the form of an affidavit, dated June 30, 2011, from his co-defendant at trial, Rodney Sands. Petitioner is attempting to invoke the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Rodney Sands's affidavit, which Petitioner asserts forms the factual predicate of his claims, states that Petitioner fired his gun after one of the victims, Robert McInnis, shot at Petitioner. ([1] at 6-7.)

The affidavit, however, does not constitute "new" evidence. It was presented to the state court in Petitioner's motion for post-conviction collateral relief. ([4] Ex. C.) The Mississippi Supreme Court denied the motion, finding that Petitioner failed to present a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27. ([4] Ex. D.)

Moreover, Section 2244(d)(1) provides that the one-year limitation period runs from the *latest* of the dates set forth in subsections (A)-(D). Under Section 2244(d)(1)(A), Petitioner's state judgment became final on September 14, 2011, which is later than the date on which Rodney Sands signed the affidavit, June 30, 2011. Petitioner argues that the "time to file under 28 U.S.C § 2244 could not have started until that date." ([1] at 1.) Petitioner's argument would actually shorten his time. The statute of limitations began to run on September 14, 2011, not June 30, 2011. Accordingly, Mr. Sands's affidavit does not serve to make the petition timely.

Equitable Tolling

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling.

*Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner claims he is entitled to equitable tolling because Sands's affidavit demonstrates the he is actually innocent. Although actual innocence is not a stand-alone basis for relief, it can be a "gateway to defaulted claims" if Petitioner can establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006). A habeas action, however, is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come . . . before the habeas court with a strong–and in the vast majority of the cases conclusive–presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326 (1995)). The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, "but rather that no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329.

The affidavit presented by Petitioner "must be considered in light of the proof of petitioner's guilt at trial . . . ." *Herrera v. Collins*, 506 U.S. 390, 418 (1993). The evidence presented at trial demonstrated that Jason McNair, Randolph Sands, and Roberto McInnis were in a parked Pontiac. *Sands*, 62 So. 3d at 376. Rodney Sands arrived at the scene and parked his Lexus on the passenger side of the Pontiac. *Id*. Petitioner arrived at the scene in an Explorer, parked on the driver's side of the Pontiac, and existed his vehicle. *Id*. Jason McNair, the only survivor from the Pontiac, testified that after an argument ensued, Petitioner retrieved a gun from his vehicle and multiple shots were fired from outside the driver's side of the Pontiac where Petitioner was positioned. *Id*. Petitioner admitted that he fired his gun at the Pontiac, but he alleged that Roberto McInnis shot at him first. *Id*.

Sands's affidavit contradicts McNair's testimony and supports Petitioner's version of events.  Had this sort of testimony been offered at trial, it could have been weighed by the jury, along with the evidence offered by the State, in deliberating upon its verdict.  Such evidence, however, does not satisfy the burden of showing that no reasonable juror would have found Petitioner guilty. Sands's testimony, at best, would have established conflicting testimony among eyewitnesses, a circumstance that already existed.  The jury would have been required to weigh credibility, just as it did with the trial witnesses, to determine whether there was reasonable doubt about Petitioner's guilt.  The existence of such a "swearing match" would not establish that no reasonable juror could have found Petitioner guilty beyond a reasonable doubt. *Bosley*, 409 F.3d at 665.  Accordingly, the affidavit does not reach the level of certainty required in habeas cases to question the finality of state court judgments.

## CONCLUSION

Petitioner's state court conviction became final on September 14, 2011.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal petition by November 26, 2012.  Petitioner filed his petition on January 24, 2013.  Petitioner has failed to meet his burden of proving that additional statutory or equitable tolling is appropriate.  Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [4] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 15th day of January, 2014.

s/ Michael T. Parker<br>
United States Magistrate Judge